IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UTAH SCHOOLS FOR THE DEAF AND THE BLIND,** an organization, **JEAN MASSIEU SCHOOL OF THE DEAF,** an organization, **UTAH ASSOCIATION OF THE DEAF,** an organization and Roes I-X<br><br>Plaintiffs,<br><br>vs.<br><br>**FRANK MACK,** an individual, **SOUTHERN UTAH UNIVERSITY,** an organization, **UTAH SHAKESPEARE FESTIVAL,** an organization, and **ROES I-X**<br><br>Defendants. | **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION**<br><br>**Case No. 2:19-cv-733**<br><br>**Judge Clark Waddoups** |

Before the court is Plaintiffs' Motion for Emergency Temporary Restraining Order and Preliminary and Permanent Injunction (ECF No. 3) (the "Motion"). Plaintiffs seek to require Defendants to provide an American Sign Language ("ASL") interpreter for the Defendant's October 4, 2019[1] performance of Hamlet.[2] For the reasons explained below, Plaintiff's Motion is **DENIED**.

---

[1] The court is unclear when the Hamlet performance Plaintiffs plan to attend is scheduled. Plaintiffs represent it is scheduled for October 4, 2019, at 9 a.m. (ECF No. 3-2). If this is accurate, than by the time this Order is entered, it will be moot. However, the court believes, based on its own research, that the performance is scheduled for 2:00 p.m. on October 4—barely twenty-four hours after Plaintiffs filed their motion.

[2] While Plaintiff frames it request as one that seeks to "enjoin the Defendants from denying effective communication though qualified interpreters . . .," it is clear that the actual relief Plaintiffs seek is to require Defendants to provide an ASL interpreter. As such, and contrary to Plaintiffs' assertions, the injunction it seeks is mandatory, not prohibitory. (*See* ECF No. 3, at 29.)

**FACTUAL BACKGROUND**

Plaintiffs have competed in the annual Utah Shakespeare Competition hosted by the Utah Shakespeare Festival, and watched performances conducted by the Utah Shakespeare Festival, for the last seven years, and the Utah Shakespeare Competition has historically provided an ASL interpreter for these performances. On or about August 19, 2019, Plaintiffs requested tickets for a performance of Hamlet and were informed that the Utah Shakespeare Competition and/or the Utah Shakespeare Festival would not provide an ASL interpreter for the performance. By email dated September 23, 2019, a representative of the Utah Shakespeare Competition and/or the Utah Shakespeare Festival reaffirms to Plaintiffs that an ASL interpreter would not be provided for tbe performance but that closed captioning could be provided. (ECF No. 3-2). Plaintiffs initiated this action, and filed their Motion, on October 3, 2019, the day before the performance they intended to attend.

**ANALYSIS**

"The requirements for a TRO issuance are essentially the same as those for a preliminary injunction order. The primary differences between a TRO and a preliminary injunction are that a TRO may issue without notice to the opposing party and that TROs are limited in duration." *People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd.*, 350 F. Supp. 3d 1129, 1138 (D.N.M. 2018) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain an injunction, Plaintiffs must show (1) they are "substantially likely to succeed on the merits;" (2) they "will suffer irreparable injury if the injunction is denied;" (3) the threatened injury to them "outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be

adverse to the public interest." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (citation omitted).

Of these factors, "[a] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *N.M. Dep't of Game & Fish v. United States DOI*, 854 F.3d 1236, 1249 (10th Cir. 2017) (quotations and citations omitted). Thus, a movant must show "such injury is likely *before* the other requirements for the issuance of an injunction will be considered." *Id.* (emphasis added) (quotations and citations omitted). To prove irreparable harm, Plaintiffs must show their injury is "certain, great, actual and not theoretical. *Id.* at 1251 (quotations and citation omitted). This requires Plaintiffs to show "that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original) (citations omitted). In other words, Plaintiffs must do more than allege they *may* suffer harm. They must show such harm is probable and that such "harm cannot be compensated after the fact." *Dep't of Game & Fish*, 854 F.3d at 1250 (citations omitted).

> **A. Plaintiffs are not entitled to a temporary restraining order because they have failed to show irreparable injury.**

Plaintiffs' motion alleges that because Defendants have refused to provide an ASL interpreter, they "have obtained their own ASL interpreter with funds out of their own pocket in order to make the October 4th, 2019 performance of Hamlet accessible to [their] students . . . as well as for individuals who are Deaf or hard of hearing." (ECF No. 3, at 5). Because Plaintiffs have already arranged their own interpreter for the October 4, 2019 performance, the real harm at issue in Plaintiffs' motion is that they are having to pay for the interpreter. Because such harm can "be compensated after the fact," it is not irreparable. *See Dep't of Game & Fish*, 854 F.3d at 1250 (citations omitted).

### B. Plaintiffs are not entitled to a temporary restraining order because they have failed to show that they are likely to succeed on the merits.

Moreover, Plaintiffs have failed to show that they are "substantially likely to succeed on the merits" of their claim. *Beltronics USA, Inc.*, 562 F.3d at 1070. Plaintiffs' motion amounts to a complaint that Defendants' offer to provide captioning is insufficient, because "ASL interpreters are better than open captioning at Shakespeare's plays." (ECF No. 3, at 25). While the court does not doubt this assertion, and appreciates Plaintiffs' efforts to help its students "to appreciate Shakespeare's clever and experimental use of language" (*id.* at 28), the ADA simply does not require public entities[3] to provide the "best" accommodation. Rather, the ADA shows that qualified interpreters and "open and closed captioning" are both "auxiliary aids and services" that can be equally used as a public accommodation. *See* 28 C.F.R. § 36.303(b)(1); 28 C.F.R. § 35.104(1).

While 28 C.F.R. § 36.303(c)(1)(ii) provides that "[a] public accommodation should consult with individuals with disabilities whenever possible to determine what type of auxiliary aid is needed to ensure effective communication," it also makes clear that "the ultimate decision as to what measures to take *rests with the public accommodation*, provided that the method chosen results in effective communication." *Id.* (emphasis added). An auxiliary aid "results in effective communication" when it is "provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." Plaintiffs have failed to show that the closed captioning Defendants offered to provide would be in an inaccessible format, untimely, or an interference to their privacy. As such, Plaintiffs have failed to prove that they are likely to prevail on their claim that Defendants violated the ADA.

---

[3] The court accepts, for purposes of the Motion, Plaintiffs' argument that Defendants are in fact public entities.

### C. Plaintiffs' motion is untimely, and Plaintiffs have failed to satisfy the requirements for this court to issue a temporary restraining order without notice to Defendants.

Finally, the court has no notice that Defendants have been served with the Motion or had an opportunity to respond to the same. While Rule 65(b)(1) of the Federal Rules of Civil Procedure allows the court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney, it may only do so if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Plaintiffs have failed to satisfy either of these requirements.

First, the Declaration of Michelle Tanner Plaintiffs provide is neither an affidavit nor signed, and neither Plaintiffs' Complaint nor their Motion is verified. Second, Plaintiffs' counsel has failed to certify what efforts he made to serve Defendants. While he states in a footnote to the Motion that he "will be hand-delivering the instant motion to Defendants at the same time that it serves the summons and complaint on Defendants, which it intends to do immediately after filing on the morning and/or afternoon of October 3, 2019. Accordingly, Plaintiff will be providing notice of its request for a TRO to Defendants on the date this motion is filed," (ECF No. 3, at 6, n. 1), Plaintiffs' counsel failed to confirm such delivery or otherwise assert why it was not necessary.

The court does not therefore find that the extraordinary relief Plaintiffs seek is appropriate, especially given the fact that Plaintiffs knew that Defendants' planned to provide closed captioning, instead of an ASL interpreter by September 23, 2019, at the latest, (*see* ECF No. 3-2), but nonetheless waited until the eve of the performance in question to seek redress. Such a scenario does not create an emergency situation where relief can be granted without notice to the Defendants.

## CONCLUSION

"[A] preliminary injunction is an extraordinary remedy, and that it should not be issued unless the movant's right to relief is 'clear and unequivocal.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (citations omitted). Because Plaintiffs have failed to establish that they are clearly and unequivocally entitled to the relief they seek, the court **DENIES** Plaintiffs' Motion for Emergency Temporary Restraining Order and Preliminary and Permanent Injunction (ECF No. 3).

DATED this 4th day of October, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge